# HILLIARD,
## *Appellant,*

*v.*

# LANE COUNTY COMMISSIONERS et al,
## *Respondents.*

### (79-012; CA A23951)
673 P2d 580

Kent Hickam, Albany, argued the cause and filed the brief for petitioner.

David B. Williams, Eugene, argued the cause for respondents. With him on the brief were Robinette, Cleveland, Williams & Gebhardt, and William A. Van Vactor, Lane County Counsel, Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

For the second time, petitioner seeks judicial review of an order of the Land Use Board of Appeals (LUBA), affirming a decision by the Lane County Commission granting a site review permit to allow construction of a four-unit residential condominium adjacent to an ocean beach. In the original appeal, *Hilliard v. Lane County Commrs.,* 51 Or App 587, 626 P2d 905, *rev den* 291 Or 368 (1981), we held that LUBA had erred "in invoking technical requirements of pleading having no statutory basis" to defeat petitioner's claims. 51 Or App at 595. LUBA had refused to consider whether the "Umatilla policy" should be applied to this case, because the issue was raised by LCDC and not by petitioner. We remanded the case to LUBA to consider the application of the "Umatilla policy" to the facts of this case and to submit a recommendation on the alleged goal violations to LCDC. On this appeal, the only issue is whether LUBA fulfilled the mandate of this court on remand.[1] We hold that it did and affirm.

The "Umatilla policy" was defined in *Woodcock v. LCDC,* 51 Or App 577, 581, 626 P2d 901, *rev den* 291 Or 151 (1981), decided the same day as the previous opinion in this case:

" 'Once an exception is taken * * * a city or county is entitled to rely upon that exception prior to the acknowledgment of the comprehensive plan for purposes of making decisions within the area [for] which the exception has been taken. However, if a decision within the area is challenged on the basis that no valid exception has been taken, then the city or county, or LCDC on review, must examine the exception taken and determine whether the findings are adequate to support the exception.' * * *"

In response to our remand, LUBA issued a final opinion and order, with which LCDC concurred, in which it considered all of the facts and determined that the Lane County Board of Commissioners, in approving respondent's partitioning request, had determined that no exception to Goal 18 was necessary. Because the "Umatilla policy" is

---

[1] The underlying dispute in the case over the application of Goal 18 is set forth in detail in our previous opinion and will not be repeated here.

applicable only in cases where an exception to a statewide goal has been taken and relied upon in a subsequent local decision, and because no exception was taken in this case, LUBA held that the "Umatilla policy" was inapplicable. LUBA complied fully with our mandate in determining whether the "Umatilla policy" applied to the facts of this case.

Affirmed.[2]

---

[2] Respondents, in pre-argument motions and in their briefs, contend that the case should be dismissed on the alternative grounds of mootness and lack of jurisdiction. The mootness argument is based on the proposition that the site review procedure followed in this case is no longer required by the county. From the sketchy facts that we have and the arguments contained in the briefs and in the motion to dismiss, it appears that the site review procedures are still applicable to this case. In any event, the fact that the procedures may have changed does not render the case moot.

Respondents' jurisdictional argument is that LUBA and LCDC had only 90 days to respond from the date of remand, failing which the decision of the local government would be considered affirmed. Because LUBA did not decide the case within that time limit, the contention is that petitioner should have appealed from the automatic affirmance, and the time for doing so has long since expired. Assuming that that rationale might be applicable to a petition for review before LUBA, we do not think it is applicable where, as here, LUBA had already issued a timely final order from which judicial review was sought. On remand from the court, the 90-day period was no longer applicable. LUBA issued its second final order on February 9, 1982, and petitioner perfected this appeal within 30 days of that time.